[Cite as *State v. Richardson*, 2022-Ohio-494.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-43 |
| | : | |
| v. | : | Trial Court Case No. 2021-TRC-5488 |
| | : | |
| ROLAND RICHARDSON | : | (Criminal Appeal from |
| | : | Municipal Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of February, 2022.

. . . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

AMY E. BAILEY, Atty. Reg. No. 0088397, P.O. Box 188, Englewood, Ohio 45322
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Roland Richardson appeals from his conviction for one count of operating a vehicle while under the influence (OVI), in violation of R.C. 4511.19(A)(1)(h). Richardson filed a timely notice of appeal on July 14, 2021.

{¶ 2} Richardson's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appellate review. We notified Richardson of the *Anders* filing and gave him an opportunity to file a pro se brief. No pro se brief has been filed, and the time for doing so has expired.

{¶ 3} Under *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders* at 744; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). A frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that [there is] a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2003-Ohio-6078. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Id.* at ¶ 7, citing *Pullen*.

{¶ 4} We have conducted our independent review of the record under *Penson*, and we agree with appellate counsel that there are no non-frivolous issues for review. As such, we affirm the trial court's judgment.

## I. Procedural History

{¶ 5} On June 1, 2021, Richardson was charged with one count of OVI, in violation

of R.C. 4511.19(A)(1)(h). On June 2, 2021, counsel was appointed by the trial court to represent Richardson. The record establishes that the trial court held pretrial hearings on June 11, 2021, and July 6, 2021. On July 7, 2021, a jury trial was held, and Richardson was found guilty of the charged offense; the trial court sentenced him to 365 days in jail, with 125 days suspended. The trial court also gave Richardson credit for time served from his date of arrest, May 31, 2021.

{¶ 6} Richardson appeals from his conviction.

## II. Analysis

{¶ 7} Appellate counsel has not specifically assigned any potentially meritorious errors for our review. However, she contends that, based upon her review of the record, trial counsel was *not* ineffective in her representation of Richardson. In support, appellate counsel points out that trial counsel "made several tactical decisions, most notably: pursuing a jury trial and not having [Richardson] testify." Appellant's Brief, p. 7.

{¶ 8} This court reviews alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases provide that trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689; *Bradley* at 142. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial court proceeding would have been different. *Bradley* at 142.

{¶ 9} Upon review, we conclude that there is nothing in the record to support a claim of ineffective assistance of counsel. Trial counsel's decisions to pursue a jury trial and not to have Richardson testify were tactical decisions, as appellate counsel has noted. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992). On the record before us, there is nothing debatable or unreasonable regarding trial counsel's decision to take the matter to trial and/or keep Richardson from testifying.

{¶ 10} Finally, we have conducted an independent review of the record and find no non-frivolous issues for appeal. We therefore agree with appellate counsel that Richardson's appeal is frivolous.

### III. Conclusion

{¶ 11} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Marc T. Ross
Amy E. Bailey
Roland Richardson
Hon. Thomas E. Trempe